WHITWELL v. HENRY.

5-848                                    286 S. W. 2d 852

Opinion delivered February 13, 1956.

*Martin, Dodds & Kidd,* for appellant.

*James W. Gallman* and *Ben J. Harrison,* for appellee.

SAM ROBINSON, Associate Justice. This case grows out of a controversy between stockholders of a small corporation engaged in the cleaning business. There are three points in issue: First, appellants, Earl D. Whitwell and his wife, Mary D., say they were induced by means of a fraudulent financial statement to purchase corporate stock from appellees, Carl J. Henry, Sr., and his wife, Virginia, and as a result thereof, they have been damaged and ask for a judgment against the Henrys for such alleged damages. Next, appellants contend that an increase in the capital stock of the corporation was contrary to law and void; lastly, it is maintained by appellants that the corporation had no authority to issue stock for debts owed by the corporation.

We cannot say the Chancellor's failure to find that the Henrys furnished a fraudulent financial statement to the Whitwells is contrary to a preponderance of the evidence. In an effort to prove the financial statement

fraudulent, the Whitwells introduced the testimony of two accountants, but we fail to see how the testimony proves fraud. It is true that there is a discrepancy in various financial statements made over a period of about a year, but, from the accountants' testimony, it appears that the discrepancy is due to bookkeeping methods and not to fraud.

Appellants' contention that the increase of capital stock is void is based on the assumption that the Board of Directors did not call the meeting of the stockholders at which the increase in stock was voted. Sixty days notice of the meeting for the purpose of increasing the capital stock was given to the stockholders. This notice was sent out by the Secretary and there is no showing that the Board of Directors did not authorize the calling of the stockholders' meeting. All of the stockholders were present at the meeting at which the increase of capital stock was authorized.

The capital stock was increased from 300 shares of No Par Value to 5,000 shares of $1.00 Par Value. The corporation owed Henry about $3,000.00; 2,250 shares having a par value of $1.00 per share were issued to Henry as part payment of the debt owed to him by the corporation. Appellants say the corporation could not legally issue stock in payment of a corporate debt. At the time the stock was issued to Henry the Whitwells owned 149 shares. They were given the opportunity to exercise their preëmptive right of purchasing additional stock out of the new issue on a pro-rata basis with the stock they already owned; but they did not desire to exercise their preëmptive right.

The question before us is not whether a corporation may pay a debt with a new issue of stock without giving those owning stock at the time an opportunity to purchase the new stock on a pro-rata basis with the stock then owned, it being undisputed that here appellants were given such opportunity. Article 12, § 8 of the Constitution of Arkansas provides: "No private corporation shall issue stocks or bonds, except for money or property actually received or labor done, . . ." Here, there is

no showing that the corporation did not receive from the appellees money, property or labor for which the stock was issued.

Affirmed.